UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY BERNARD
FELDKAMP,

    Plaintiff,

v.                                      Case No. 8:09-cv-01371-EAK-MAP

MAHINA J. KALECKINI, in his
individual capacity as a Deputy
with the Hillsborough County
Sheriff's Office,

    Defendant.
_____/

## ORDER DISMISSING PLAINTIFF'S FOURTH AMENDED COMPLAINT

THIS cause is before the Court on Defendant MAHINA J. KALECKINI's Rule 12(b)(6) motion to dismiss Plaintiff JEFFREY BERNARD FELDKAMP's 42 U.S.C. § 1983 civil rights complaint. Plaintiff is proceeding on his fourth amended complaint. (Doc. 57) Although not explicitly stated, it is understood that the Plaintiff is suing the Defendant in his individual capacity. Plaintiff seeks injunctive relief and monetary damages.

For the reasons outlined below, Defendant Kaleckini's motion to dismiss Plaintiff Feldkamp's complaint will be granted.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the pleadings of a pro se litigant are held to a less stringent standard than those drafted by an attorney, *Haines v. Kerner*, 404 U.S. 519 (1972), the pleadings must still meet minimal pleading requirements, *Olsen v. Lane*, 832 F.Supp. 1525 (M.D. Fla. 1993), and not simply

1

consist of "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

Under the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive a defendant's Rule 12(b)(6) motion, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and those facts must "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. This plausibility requirement set forth in *Twombly* requires the allegations to be more than merely conceivable. *Id.* at 570. A complaint will not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of circumstances that would entitle her to relief." Conley v. Givson, 355 U.S. 41, 45-46 (1957). This Court shall limit its considerations to the pleadings and exhibits attached, *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228 (11th Cir. 2000), and considerations of the pleadings shall be viewed in the light most favorable to the plaintiff. *Ill. ex. Rel. Madigan v. Telemarketing Assoc., Inc.*, 538 U.S. 600, 618 (2003).

## FACTS

On or about September 24, 2007, Defendant entered the premises of Plaintiff, Jeffrey Feldkamp to effectuate an arrest warrant. When approaching the front door of the house, an attack dog came into view and began to bark at the officers. Plaintiff signaled to the officers that he was going to restrain the dog, apparently in a cage or pen at the rear of the premises. The Plaintiff went out of the house through a rear door. The officers pursued the Plaintiff to the rear of the house, going around the outside of the premises. Once at the rear of the house, the officers shined a light on the Plaintiff, which caused the Plaintiff to "shy away." In order to place the Plaintiff under arrest, the officers tackled him against a septic tank. The Plaintiff's mother

protested while the arrest took place. After his arrest, the Plaintiff asked to be taken to a hospital. The officers ignored the requests.

## DISCUSSION

Plaintiff sets forth in his complaint three allegations: 1.) Defendant unlawfully arrested the Plaintiff on September 24, 2007; 2.) Defendant tackled Plaintiff onto a septic tank causing multiple injuries; and 3.) Defendant failed to provide Plaintiff with emergency medical care.

I.     The plaintiff does indeed have the right to be free from an arrest without probable cause and relies on 42 U.S.C. § 1983 to support his cause of action. *Motes v. Myers*, 810 F.2d 1055 (11th Cir. 1997). However, the Defendant arrested the Plaintiff pursuant to an active, outstanding arrest warrant. A charge of false imprisonment may not stand when the detention is by way of legal process. *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007). Because the existence of a valid warrant satisfies this requirement, Plaintiff's allegations cannot support a claim of false arrest.

Without a valid claim for false arrest, a Plaintiff must establish a § 1983 claim for malicious prosecution in order to obtain relief. *Wallace*, 549 U.S. at 390. In order to establish a federal malicious prosecution claim under § 1983, a plaintiff must establish the elements of the common law tort of malicious prosecution and a violation of his or her Fourth Amendment right to be free from unreasonable seizure. *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003). Plaintiff's complaint contains no factual assertions of the kind necessary to support a malicious prosecution claim, and Plaintiff has not stated a claim for malicious prosecution.

II.    The Fourth Amendment guarantees individuals the "right to be free from the use of excessive force in the course of an arrest." *Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir. 2002). When effectuating a lawful arrest, an officer has the right to use some degree of physical force to

3

bring the suspect into custody. *Ferraro*, 284 F.3d at 1197. The Eleventh Circuit has acknowledged that most arrests involve some use of de minimus force, often resulting in some form of injury. *Nolin v. Isbell*, 207 F.3d 1253, 1257-58 (11th Cir. 2000). The Eleventh Circuit has further held that such use of force constitutes a violation of the Fourth Amendment only if the officer was not entitled to arrest or detain the suspect. *Reese v. Herbert*, 527 F.3d 1253, 1272 (11th Cir. 2008). In Reese, the Eleventh Circuit outlined an objective, three-factor test for weighing whether the use of force crosses the line of de minimus to excessive: 1.) The severity of the crime at issue; 2.) Whether the suspect posed an immediate threat to the safety of the officer or others; and 3.) Whether the suspect was actively resisting arrest or attempting to evade arrest by flight. *Reese*, 527 F.3d at 1272.

The Defendant in the instant case was entitled to effectuate a full custodial arrest by authority of the outstanding arrest warrant for the Plaintiff. The Plaintiff notes in his complaint that an attack dog was present on the premises, which needed to be penned for the safety of the officers. It is objectively reasonable for an individual to fear for one's safety in the presence of an attack dog. It is also reasonable for the officers to proceed to the rear of the premises in order to ensure that the Plaintiff was not attempting to flee after caging the dog. The Plaintiff admits in his complaint that he "shyed [sic] away" from the officers when the officers shined a flashlight towards the Plaintiff. An objective individual could reasonably believe the Plaintiff was attempting to flee. Given this sequence of events, tackling the Plaintiff against the septic tank on the property does not rise above a reasonable amount of de minimus force necessary to effectuate an arrest.

The Eleventh Circuit has found on multiple occasions that the use of de minimus force may be unnecessary, yet still not rise to the level of unlawfulness. *See Nolin*, 207 F.3d at 1255;

*Jones v. City of Dothan*, 121 F.3d 1456, 1460 (11th Cir. 1997); *Post v. City of Fort Lauderdale*, 7 F.3d 1552 (11th Cir. 1993); *Crosby v. Monroe County*, 394 F.3d 1328, 1334-35 (11th Cir. 2004); *Rodriguez v. Farrell*, 280 F.3d 1341, 1347 (11th Cir. 2002). Apart from the conclusory allegations that the Defendants acted maliciously, there is nothing to suggest that the amount of force used rose above the level of de minimus force to the point of being unlawfully excessive.

III.  Plaintiff asserts that his Eighth Amendment rights were deliberately violated when the Defendants refused to take him for medical treatment. However, because the Plaintiff had yet to be convicted of a crime at the time of the alleged neglect, the Plaintiff was a pre-trial detainee. Therefore the Plaintiff's rights exist under the Due Process Clause of the Fourteenth Amendment, and not the Cruel and Unusual Punishment Clause of the Eighth Amendment. *Gross v. White*, 340 Fed. Appx. 527, 530 (11th Cir. 2009). Nevertheless, the applicable standards under the Fourteenth Amendment are the same as those applied to Eighth Amendment Cruel and Unusual Punishment claims. *Gross*, 340 Fed. Appx. at 530.

In order for a Plaintiff to prevail in a claim of deliberate indifference to serious medical needs, the Plaintiff must show: 1.) A serious medical need existed; 2.) Defendant acted with deliberate indifference to that need; and 3.) There is a causal connection between the indifference and the injury. *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007). The Eleventh Circuit has defined "a serious medical need" as a medical need that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). To prove "deliberate indifference" the Eleventh Circuit has stated a Plaintiff must demonstrate: 1.) Subjective knowledge of a risk of serious harm; 2.) Disregard of that risk; and

3.) Conduct that is more than merely negligent. *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).

The Plaintiff has not presented enough facts to substantiate a claim on which relief may be granted. Plaintiff provides merely a blanket statement that the officers caused "serious bodily injuries" including "mupitly [sic] broken bones and cuts and bruises." It is true that there are some types of broken bones and injuries that a lay person might identify as serious enough to demand immediate medical attention. However, the Plaintiff has not set forth sufficient facts to indicate such circumstances. There is no indication that Defendant's actions rose even to the level of negligence, let alone gross, wanton infliction of pain.

IV.    Additionally, it is important to note that the Defendant is entitled to qualified immunity, which provides complete protection for individual government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is designed to "avoid excess disruption of government and permit the resolution of insubstantial claims." *Heggs v. Grant*, 73 F.3d 317, 320 n.5 (11th Cir. 1996). In order to invoke the protections of qualified immunity, the official must establish that "he was acting within discretionary authority when the allegedly wrongful act occurred." *Poulakis v. Rogers*, 341 Fed. Appx. 523, 525 (11th Cir. 2009). When it is determined an individual is entitled to qualified immunity, the Eleventh Circuit has required heightened pleading standards requiring a plaintiff to set forth relevant facts with more specificity than required by *Twombly*. *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998); *Danley v. Allen*, 540 F.3d 1298, 1314 (11th Cir. 2008).

Defendant in this case was acting within his discretionary authority as a Deputy with the Hillsborough County Sheriff's Office. When considering whether a defendant's actions were within his or her official discretionary authority, a court "assess[es] whether they are of a type that fell within the employee's job responsibilities," *Holloman v. Harland*, 370 F.3d 1252, 1266 (11th Cir. 2004); rather than focusing on whether the actions at issue "involved the exercise of actual discretion, [a court] assess[es] whether they are of a type that fell within the employee's job responsibilities." *Holloman*, 370 F.3d at 1266. When an individual is determined to be entitled to qualified immunity, the burden shifts to the plaintiff to show that the defendants is not entitled to qualified immunity.. *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002). A court must grant qualified immunity unless a plaintiff is able to show "first, that the facts viewed in the light most favorable to the plaintiff establish a constitutional violation by the defendant; and, second, that the unlawfulness of the defendant's actions was 'clearly established' at the time of the incident." *Poulakis*, 341 Fed. Appx. at 525 (citing *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009)). Qualified immunity protects the defendant in almost every situation, unless "case law, in factual terms" has outlined a bright line of unlawfulness or the language of the statute or constitutional provision specifically prohibits certain behavior. *Poulakis*, 341 Fed. Appx. at 528.

For the reasons stated above, the Plaintiff has failed to state a claim for which relief may be provided. Additionally, there is no evidence provided that suggests the alleged unlawfulness of the Defendant's actions were clearly established at the time of the incident. For a right to be "clearly established," previous binding case law must have developed that right in concrete factual context so as to make it obvious to a reasonable government actor that his actions violated federal law. Anderson v. Creighton, 483 U.S. 635 (1987). In the case at hand, we have quite the opposite. As stated above, case law has shown that the Defendant in this case did not

overstep the boundaries of his official duties and venture into the realm of illegality. Absent additional factual assertions, this Court is unable to find relevant case law or specific constitutional provisions that "clearly establish" the Defendant's conduct as unlawful.

Accordingly, it is **ORDERED**:

That Kaleckini's motion to dismiss (Doc. 60) is **GRANTED**. The complaint is dismissed, without prejudice to Plaintiff's filing a new complaint with a new case number. The Clerk is directed to terminate all pending motions and to close this case.

**DONE and ORDERED** in Chambers, at Tampa, Florida, this 23 day of August, 2010.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to: All counsel and parties of record